UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KAYLA RUIZ | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | Case No._____ |
| | ) | |
| ALLERGAN USA INC. | ) | JURY TRIAL DEMANDED |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

### COUNT I - STRICT LIABILITY-PRODUCT DEFECT

Plaintiff Kayla Ruiz, for Count I of her cause of action against Defendant, states as follows:

1. Defendant Allergan USA Inc. is a Delaware Corporation with its principal place of business in Illinois and is not a Missouri citizen.

2. Plaintiff resides and is domiciled in St. Charles County, Missouri and is a Missouri citizen.

3. There is diversity of citizenship, and an amount in controversy exceeding the jurisdictional amount, within the meaning of 28 USC §1332.

4. Venue is proper under 28 USC §1391(b)(2) and divisional venue is proper under Local Rule 3-207 in that the claim for relief arose and a substantial part of the events or omissions giving rise to the claim occurred in St. Louis County where the oral contraceptive capsules in issue were given to Plaintiff by her OB GYN, and in St. Charles County where the pills were taken and where Plaintiff became unintentionally pregnant. Venue is also proper under 28 USC §1391 (c)(2) in that Defendant is subject to the Court's

1

personal jurisdiction because of substantial and continuous contacts within this district sufficient to subject it to personal jurisdiction, consisting of pharmaceutical and medical device sales and marketing on a substantial scale.

5. This action is brought within 5 years of when Plaintiff first discovered she was pregnant despite being on the oral contraceptive capsules and is within 5 years of the accrual of his cause of action within the meaning of RSMO §516.100 and §516.120(4) and *Elmore v. Owens-Illinois, Inc*, 673 SW2d 434, 436 (Mo. banc 1984).

6. In the course of its business, defendant designed, manufactured, marketed, sold and/or placed into the stream of commerce Taytulla oral contraceptive capsules, and marketed them as effective to prevent pregnancy.

7. At the time of the sale and placement into the stream of commerce by defendant the Taytulla oral contraceptive capsules were then in a defective condition unreasonably dangerous when put to a reasonably anticipated use in that the placebo capsules were placed out of order in the monthly packaging so that the first four days of therapy had four placebo capsules instead of active capsules, a fact that was unknown to Plaintiff or her doctor, and which made the Taytulla oral contraceptive ineffective at preventing pregnancy.

8. The Taytulla oral contraceptive capsules were used by Plaintiff in a manner reasonably anticipated by Defendant in that she took the pills as prescribed, from on or around 2/14/18 when her OB GYN gave her 3 sample packs, until around 5/21/18 when she had a positive pregnancy test, and relied on them to prevent an unintended pregnancy.

9.      Plaintiff was damaged as a direct result of the defective condition of Taytulla oral contraceptive capsules as existed when the capsules were manufactured, marketed, sold and/or placed into the stream of commerce by defendant, in that the placebo capsules were placed out of order in the monthly packaging so that the first four days of therapy had four placebo capsules instead of active capsules, a fact that was unknown to Plaintiff or her doctor, and which made the Taytulla oral contraceptive ineffective at preventing pregnancy. Plaintiff, as a result of the defective and hidden defect in the contraceptives, became unintentionally pregnant at age 20 around 5/21/18, causing her to bear a child at a time she did not choose and was not ready for, to conceive a child while on contraception, to lose wages during her maternity leave, to leave her accounting studies and get a job, to delay her study of accounting and delay her ability to make wages as an accountant, to suffer the pain, inconvenience and emotional distress of an unplanned pregnancy and birth, including nausea, vomiting, diarrhea, dizziness, spotting, dehydration, false labor, a complicated delivery, a prolonged labor, trauma to Plaintiff's a perineum and vulva including lacerations requiring surgical repair of the vulva and perineum, and postpartum mental distress. Since the trauma of delivery, Plaintiff continues to have pain in her perineum.  These injuries were either caused or substantially contributed to by the defective nature of the Taytulla oral contraceptive capsules.

**WHEREFORE**, plaintiff Kayla Ruiz prays for a judgment against Defendant in such amount as is fair and reasonable under the circumstances, for prejudgment interest, and for costs.

## COUNT II - STRICT LIABILITY-FAILURE TO WARN

Plaintiff Kaya Ruiz, for Count II of her cause of action against defendant states as follows:

1. The allegations of Count I are incorporated by reference.

2. At the time defendant manufactured, marketed, sold and/or placed into the stream of commerce the Taytulla oral contraceptive capsules, they were unreasonably dangerous when put to a reasonably anticipated use without knowledge of their characteristic in that, as previously alleged, they were ineffective at preventing pregnancy.

3. Defendant did not give an adequate warning of this danger.

4. Defendant's failure to give an adequate warning of this danger of the Taytulla oral contraceptive capsules caused or contributed to cause the damages set forth in Count I of the petition.

**WHEREFORE**, plaintiff Kayla Ruiz prays for a judgment against defendant in such amount as is fair and reasonable under the circumstances, for prejudgment interest, and for costs.

## COUNT III - PRODUCTS LIABILITY-NEGLIGENT  MANUFACTURE, DESIGN AND FAILURE TO WARN

Plaintiff Kayla Ruiz, for Count III of her cause of action against defendant, states as follows:

1. The allegations of Count I are incorporated by reference.

2. Defendant designed, manufactured and marketed the Taytulla oral contraceptive capsules that injured plaintiff.

4

3. As manufactured and/or designed, the Taytulla oral contraceptive capsules were ineffective at preventing pregnancy with normal, reasonably anticipated use.

4. Defendant failed to use ordinary care to manufacture and/or design the Taytulla oral contraceptive capsules to be reasonably effective to prevent pregnancy.

5. Defendant failed to use ordinary care to adequately warn of this risk of harm with reasonably anticipated use.

6. Such failures directly caused or directly contributed to cause the damages alleged in Count I.

**WHEREFORE**, plaintiff Kayla Ruiz prays for a judgment against defendant in such amount as is fair and reasonable under the circumstances, for prejudgment interest, and for costs.

**COFFEY & NICHOLS**
**ATTORNEYS AT LAW**

/s/ Mary Coffey
MARY COFFEY, #30919 (Mo)
GENEVIEVE NICHOLS,#48730 (Mo)
CALLAN MOENCH, #65049 (Mo)
E.D. Mo. #95929
Attorneys for Plaintiff
6200 Columbia Ave.
St. Louis, MO 63139
Phone:  314-647-0033
Fax:    314-647-8231
E mail:  mc@coffeynichols.com
         gn@coffeynichols.com
         cm@coffeynichols.com